Filed 12/7/23  P. v. Tate CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B322916 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A020874) |
| v. | |
| LIONEL TATE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed and remanded.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and John Yang, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Lionel Tate (defendant) argues that the trial court erred in admitting certain evidence during an evidentiary hearing in support of his petition for resentencing under Penal Code section 1172.6 (former section 1170.95).[1]  The People concede the trial court erred.  We agree with the concession, and remand for a new resentencing hearing.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Facts

Defendant and Homer Brown (Brown) were involved in two liquor store robberies in the afternoon of November 30, 1979, and the early morning of December 1, 1979, that resulted in the death of one store's owner.

The People charged defendant and Brown with (1) the murder of one liquor store owner (§ 187, subd. (a)); (2) the attempted robbery of the second liquor store's owner (§§ 664, 211); and (3) six counts of robbery, as to customers who were in the liquor stores during the robberies (§ 211).  The People further alleged that defendant and Brown personally used firearms in

---

[1]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  For the sake of simplicity, we will refer to the section by its new numbering only.

All further statutory references are to the Penal Code unless otherwise indicated.

connection with each charged crime (§§ 12022.5, 1203.06, subd. (a)(1)).  As to the murder, the People also alleged that the murder "was committed while the defendant" or "an accomplice" "was engaged in . . . [the] attempted commission" of a robbery (§ 190.2, subd. (a)(17)(A)).

In October 1981, the matter proceeded to a preliminary hearing, and the trial court sustained all of the charges.

On June 2, 1982, defendant pled guilty to first degree murder and the attempted robbery of the second store owner, and also admitted the special circumstance that the murder was committed during the attempted commission of a robbery. Defendant agreed that the preliminary hearing transcript formed the factual basis for his plea.  The trial court sentenced defendant to life in prison without the possibility of parole.  Defendant did not appeal his conviction.

Brown also pled and thereafter appealed, but we affirmed the judgment in Brown's case in an unpublished opinion.  (*People v. Brown* (May 16, 1983, CR42815) [nonpub. opn.].)

## II.     Procedural Background

On June 4, 2021, defendant filed a petition seeking to vacate his murder conviction under section 1172.6 on the ground that he was not the actual killer, did not aid and abet the actual killer, and was not a major participant in the robbery who acted with reckless indifference to human life.  The trial court appointed counsel and ordered the People to file a response.  The People's response—which was filed in July 2021—relied on facts taken from (1) the appellate opinion filed in conjunction with Brown's appeal of his conviction, and (2) the appellate opinion filed in conjunction with Brown's first appeal from the summary denial of a petition for resentencing under section 1172.6 (*People*

*v. Brown* (Oct. 23, 2020, B301245) [nonpub. opn.]).[2] The People's response also stated that the transcript of the preliminary hearing from October 1981 was "unavailable," even though the very same transcript was available for use while litigating Brown's section 1172.6 petition.

The matter proceeded to an evidentiary hearing on June 2, 2022. The People called two witnesses—namely, (1) a customer who entered the liquor store in the midst of the robbery where the store owned was killed, and who testified that he saw a man positioned "behind the counter" who "brought out a gun" and "pointed it" at him, and subsequently heard a gunshot as he fled; and (2) the slain store owner's son, who testified that he saw his father "lying down" in "a pool of blood" and "a lot of the matter from his brains were on the floor" when he went to the store soon after the robbery. The trial court took judicial notice of the plea transcript from June 1982, and the reporter's transcript from the May 2021 evidentiary hearing for Brown's section 1172.6 petition.

A few weeks later, the court issued a written opinion denying defendant's section 1172.6 petition. Specifically, the court found beyond a reasonable doubt that defendant was guilty of murder under two still-valid theories—namely, (1) felony murder, because defendant was a major participant who acted with reckless indifference to the value of human life; and (2) implied malice murder. In making these findings, the court cited

_____

[2] Brown also filed a second appeal from the denial of his petition on the merits. However, because we did not issue our opinion in that appeal until November 2022, it was not an issue in defendant's proceeding before the trial court—which all occurred prior to November 2022. (*People v. Brown* (Nov. 18, 2022, B314614) [nonpub. opn.].)

4

(1) defendant's 1982 plea agreement, (2) the testimony of the two witnesses at the evidentiary hearing, (3) the recitation of facts in the appellate opinion issued in Brown's first section 1172.6 appeal, and (4) one of the facts in the appellate opinion in Brown's original appeal from 1983.

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court's ruling denying his section 1172.6 petition must be reversed because the court erroneously relied on improper evidence—specifically, the facts recited in the appellate opinion in Brown's appeal of his conviction and in Brown's first section 1172.6 appeal.[3] This argument presents two questions: (1) Did the trial court commit an evidentiary error, and if so, (2) what is the proper remedy?

## I. Did the Trial Court Err in Considering Facts Set Forth in the *Brown* Appellate Opinions?

Section 1172.6 is the procedural vehicle by which persons convicted in now-final judgments can seek to vacate convictions that rest on a theory that our Legislature has declared invalid. Since 2018, our Legislature has declared that liability for murder is limited to persons (1) who are the actual killer; (2) who aided and abetted the actual killer in the murder (that is, who acted with the intent to kill); or (3) who were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life. (§§ 188, subd.

---

[3]     Defendant also seems to object to any reliance on the transcript from Brown's section 1172.6 evidentiary hearing. Although defendant is correct that this is not proper evidence at *his* section 1172.6 evidentiary hearing (*People v. Flores* (2022) 76 Cal.App.5th 974, 987-988 (*Flores*)), the trial court did not rely on such a transcript.

5

(a)(3), 189, subd. (e); e.g., *People v. Johns* (2020) 50 Cal.App.5th 46, 58-59.) Where, as here, a defendant's petition for resentencing sets forth a prima facie case of entitlement to relief, the court must convene an evidentiary hearing where the People bear the burden of proving to the court, which is acting as an independent factfinder, that defendant is guilty of murder under a still-valid theory. (§ 1172.6, subds. (c) & (d).) In making this determination, the court may consider "new or additional" evidence admissible under the Evidence Code as well as (1) "evidence previously admitted at any prior hearing or trial that is admissible under current law," (2) "stipulated evidence," (3) "matters judicially noticed," and (4) *the procedural history of the case recited in any prior appellate opinion.*" (§ 1172.6, subd. (d)(3), italics added.)

Applying these rules, the trial court here erred in considering the facts recited in our appellate opinions because section 1172.6, subdivision (d)(3), explicitly prohibits doing so. (§ 1172.6, subd. (d)(3); *Flores, supra,* 76 Cal.App.5th at pp. 987-988; *People v. Clements* (2022) 75 Cal.App.5th 276, 292.) The People concede as much. This evidentiary error was also not harmless because the facts from the appellate opinion are what form the critical basis for the trial court's findings about defendant's liability for murder. Again, the People concede as much.

## II.    What Is The Proper Remedy?

Where, as here, a trial court has improperly considered inadmissible evidence, the remedy is typically a remand for a new evidentiary hearing so long as the totality of the evidence—including the "'erroneously admitted evidence'"—"'supported the conviction.'" (*People v. Cooper* (2007) 149 Cal.App.4th 500, 522.) Here, the totality of the evidence—including the facts set forth in

our appellate opinion affirming the denial of Brown's section 1172.6 petition—supports a finding that *defendant* is guilty of murder on a still-valid theory. That is because the facts in that opinion describe defendant and Brown each armed with firearms, each making threats with those firearms, and each equally involved in the robberies (including the one that led to the murder). And although the appellate opinion will still be inadmissible at the new evidentiary hearing (absent a stipulation), the facts set forth in that opinion are drawn from the preliminary hearing transcript *in defendant's case*, which is admissible under section 1172.6, subdivision (d)(3). As a result, a remand for a new evidentiary hearing is the appropriate remedy.

Defendant makes two further arguments.

First, he argues he is entitled to have his murder conviction vacated—rather than have a new evidentiary hearing—because there is insufficient evidence to support his guilt on a still-valid theory *if the improperly admitted evidence is not considered*. We reject this argument. For starters, it ignores the general rule on the proper remedy for evidentiary errors set forth above, and does so without citation to any case supporting such a departure. What is more, bypassing a new evidentiary hearing is particularly illogical in the context of a section 1172.6 petition. Retrials after a finding of insufficient evidence are barred by double jeopardy, but double jeopardy does not apply to non-capital sentencing proceedings (*People v. Monge* (1997) 16 Cal.4th 826, 843-844; *Monge v. California* (1998) 524 U.S. 721, 727-729), and the California courts have uniformly held that section 1172.6 proceedings are a type of "sentencing" proceeding at which double jeopardy does not apply. (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 111; *People v. Mitchell* (2022) 81 Cal.App.5th

575, 588-589; *People v. Perez* (2022) 78 Cal.App.5th 192, 205; *People v. Flint* (2022) 75 Cal.App.5th 607, 618.)

Second, defendant asserts that the trial court should be prohibited from assessing whether the evidence adduced at the new evidentiary hearing is sufficient to find him guilty of murder as an aider and abettor to second degree implied malice murder. More specifically, defendant asserts that the theory of aiding and abetting an implied malice murder is no longer a valid theory of murder. The California Supreme Court and every Court of Appeal to have considered this question have concluded to the contrary. (*People v. Reyes* (2023) 14 Cal.5th 981, 990-991 (*Reyes*); *People v. Gentile* (2020) 10 Cal.5th 830, 850; *People v. Silva* (2023) 87 Cal.App.5th 632, 639; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 391-392; *People v. Langi* (2022) 73 Cal.App.5th 972, 982-983; *People v. Superior Court (Valenzuela)* (2021) 73 Cal.App.5th 485, 499; *People v. Powell* (2021) 63 Cal.App.5th 689, 710-714.) The only reasons defendant gives us to swim against this current (which we cannot anyway in light of *Reyes*) are reasons already rejected by these other courts.

## DISPOSITION

The order denying defendant's section 1172.6 petition is reversed.  The matter is remanded for the trial court to hold a new evidentiary hearing to determine whether the prosecution proved, beyond a reasonable doubt, that defendant is guilty under a permissible theory of murder.  (§ 1172.6, subd. (d)(3).)  In doing so, the court shall not rely on any facts contained in prior appellate opinions.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

9